```
                        FILED
                 DISTRICT COURT CLERK
                 WESTERN DISTRICT OF KY

                 15 OCT -1  AM 11: 11
```

IN THE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

Kerry Porter,

       *Plaintiff*

Vs.                                                         3:12-cv-829 - CRS-CHL

Civil Action No. 12-CV-829

Jefferson County Metro Government, *Defendants, et.al.*

### Motion for Protective Order and/or Objections to Depositions

    Affiant, Juan Sanders, proceeding *in propria persona,* hereby seek a protective order pursuant to Rule 45, Federal Rules of Civil Procedures (FRCVP) preventing the Honorable Elliot Slosary, Attorney for Plaintiff Kerry Porter from taking his deposition. In support, Affiant states as follows:

    1. Affiant is not a party to the above-named and numbered cause and therefore have no interest in monetary or equity in the outcome except that Counsel Slosary may use affiant's deposition to shift blame or culpability.

    2. The Court will please take judicial notice pursuant to Rule 202, that Plaintiff Kerry Porter (hereinafter Porter) has on several occasions made false and libelous statements to law enforcement agencies, government officials, and news media thereby garnishing sympathy and support while at the same time alienating affiant from his family and friends, the prison population, and jeopardizing affiant's life and freedom.

    3. Affiant has been the subject of police and prosecutorial investigations that was published by the Louisville Courier Journal and various television networks germane accusations made by Porter. Porter has also sent threatening letters to plaintiff and members of his family in which Porter announced that he would seek revenge.

4. In 2013, the Honorable David Stengal, Commonwealth Attorney, 30th Judicial District, dismissed Porter's murder conviction. Despite the fact that Porter was found guilty by a jury and subsequent appeals and exhaustion of all available State and Federal post-conviction confirmed his murder conviction. Stengal released Porter without any parole or probation supervision.

5. Since Porter's release from prison, he has been arrested for domestic violence in which he assaulted his live-in girlfriend and her daughter. It is therefore, Affiant's belief that Porter's intent is to continue his vindictive and malicious campaign to destroy Affiant's image and self-worth.

6. On Saturday 19, September 2015, the Counsel Slosary or unknown party served Affiant with a subpoena *(subpoena ad testicandum)* compelling affiant to give a deposition by leaving said document's on the porch of a residence that Affiant does not reside. The subpoena was not signed by a judge (issuing court.) Rule 45(a)(I)(A)(iii).

7. Under Rule 45(C)(3) the issuing court may impose sanctions on Counsel Slosary for creating undue hardships. Counsel Slosary served the subpoena on a Saturday (non-business day) when Affiant was enjoying his freedom and companionship of family and friends. The subpoena was served at a place that was not his resident which indicates that Counsel Slosary had either followed Affiant or obtained information from Porter or an investigative agency (private or governmental). In any event, Affiant's plans were disrupted as a result of being served with the subpoena.

8. Further, the Court will take *"judicial notice "* that Counsel Slosary gives his address as 312 North May Street, Suite 100, Chicago, Illinois 60607. Therefore, Affiant question Counsel Slosary's ability to practice law in the Commonwealth of Kentucky. Taking affiant's deposition would in most instances constitute the practice of law. In any event Affiant intend to notify the Illinois Bar Association and the Kentucky Bar Association to ascertain whether Counsel Slosary violated any Ethical or Code of Professional Conduct for Attorneys.

9. Counsel Slosary has not demonstrated a substantial need for Affiant's testimony at trial. Rule 26(b)(3)(B) requires that the Court protect against disclosures of mental impressions, conclusions, opinions, or legal theories concerning the above-identified litigation. The information sought by Counsel Slosary is privileged and subject to protection as trial preparation material.

10. Finally, Affiant would be forced to use his privilege under the Fifth Amendment to the United States Constitution wherein, it states: *"No person shall be compelled . . . to be a witness against himself."*

**WHEREFORE, Affiant** prays that an Order shall issue granting a protective order and sanctions against Counsel Slosary.

Affiant sayeth naught,

*Juan Sanders-El*
Juan Sanders, Affiant

### Certification

I, hereby certify that a copy of the foregoing was mailed to the Hon. Elliiot Slosary, Counsel for Plaintiff, 312 North May Street, Suite 100, Chicago, Illinois 60607; Office of the Clerk, United States District Court, 601 West Broadway, Louisville, KY 40202 on this ___ day of October 2015.

*Juan Sanders-El*
Juan Sanders
2317 W. Hill St
Louisville, KY 40210

Subscribed and sworn to before me a Notary Public by Juan Sanders on this _____ day of _____.

NOTARY PUBLIC:—————————————

My Commission Expires:—————————————