UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:12-CV-829-CRS

**KERRY PORTER,**                                                            **Plaintiff,**

**v.**

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                            **Defendants.**

**ORDER**

Before the Court is a "Motion for Protective Order and/or Objections to Depositions" (DN 158) filed by non-party Juan Sanders.  In his motion, Sanders seeks a "protective order," pursuant to Rule 45 of the Federal Rules of Civil Procedure, to prevent plaintiff's attorney, Elliot Slosar, from taking his deposition pursuant to a subpoena.  The Court construes this motion as a motion to quash pursuant to Rule 45(d)(3).

The Court finds that, based on the facts, of this case, Mr. Sanders's testimony is likely relevant.  The Court also finds that the reasons offered by Mr. Sanders with respect to the legitimacy of the subpoena to appear for a deposition are not valid.  First, it does not matter where Mr. Sanders was served as long as he was, in fact, served; Mr. Sanders admits that he was served with the subpoena at issue.  (DN 158, p. 2.)  Second, counsel for plaintiff, Mr. Slosar, has been admitted to practice law in the Western District of Kentucky for purposes of this matter. (DN 76.)  Third, as an officer of the Court, Mr. Slosar may sign a subpoena that issues from the Western District of Kentucky.  Fed. R. Civ. P. 45(a)(3).

That being said, the Court recognizes that Mr. Sanders may have a legitimate Fifth Amendment privilege to raise at his deposition.  The general rule in this type of situation is to have the deponent appear for his deposition and assert his/her Fifth Amendment privilege in

response to specific questions. *See In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983) ("A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify."); *Nunn v. Dept. of Corrections*, No. 96-CV-71416, 1998 WL 34113236, at *1 (E.D. Mich. April 8, 1998) ("[C]ourts typically require a witness to face questioning, assert the privilege as to each question and, where necessary, provide evidence showing the risk of criminal prosecution.") (citing *In re Morganroth*). By doing so, the Court can develop a record upon which to review the validity of the assertion of the privilege. *Nunn*, 1998 WL 34113236, at *1. Nonetheless, a question-by-question assertion of the privilege may be foregone where the witness faces a "specter of further state prosecution [that is] real." *Id*. at *2 (quoting *United States v. Medina*, 992 F.2d 573, 586 (6th Cir. 1993)) (internal quotation marks omitted).

Because the Court is not aware of any pending criminal charges against Mr. Sanders related to the facts giving rise to this lawsuit, the Court finds that Mr. Sanders should appear for his deposition. If Mr. Sanders chooses to assert his Fifth Amendment privilege, he must do so at that time and in response to specific questions posed to him. This will allow the Court to evaluate the legitimacy of any asserted privilege, if necessary. *See, e.g.*, *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1076 (6th Cir. 1990) ("Courts afford the privilege-claimant an inquiry on the merits as a matter of course once the claimant, responding to a motion to compel submission of the evidence, states that the claimant is relying upon the privilege.").

Accordingly,

IT IS ORDERED

The Motion for Protective Order and/or Objections to Depositions (DN 158) is DENIED.

Juan Sanders is ORDERED to appear for a deposition at the United States District Court, 601 W. Broadway, Louisville, KY, Courtroom 4 on **October 14, 2015 at 9:00 a.m. EST.**

cc:  Counsel of record

   *Pro se* non-party Juan Sanders via certified mail
   2317 W. Hill Street.
   Louisville, KY 40210

   Alternate address:
   4910 Shumake Court
   Louisville, KY 40218

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and Local Rule 72.2.