UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:12-CV-829-CRS

**KERRY PORTER,**                                                                    **Plaintiff,**

v.

**LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.,**                                         **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO STAY**

Before the Court is motion filed by *pro se* non-party Juan Sanders entitled, "Objections to Magistrate Judge Findings of Fact, Conclusions of Law."  (DN 170.)  The Court has construed this motion to function in three different ways and therefore it has been docketed as three different filings:  (1) objections to the order (DN 163) denying Sanders's motion to quash (DN 158)[1]; (2) a motion to stay the Court's order (DN 163) directing Sanders to appear for a deposition pending a ruling on the objections to same by the District Judge[2]; and (3) a motion to appoint counsel[3].  This order will address the motion to stay (DN 176).  The Court will address the motion to appoint counsel (DN 174) in a separate order.  The District Judge assigned to this matter will address the objections (DN 170).

**BACKGROUND**

In an order dated October 7, 2015, the Court denied what it construed as a motion to quash filed by Sanders and directed Sanders to appear for a deposition on October 14, 2015. (DN 163.)  Sanders's motion to appoint counsel was filed on October 13, 2015, the day before

---
[1] Electronically docketed as DN 170.
[2] Electronically docketed as DN 176.
[3] Electronically docketed as DN 174.

1

the deposition was scheduled to go forward. In the motion to appoint counsel, Sanders requested that the Court appoint counsel for him for his deposition set for October 14, 2015. (DN 174, ¶ 2.) Due to the timing of the motion and the Fifth Amendment concerns raised in it, the Court also construed it as a motion to stay its October 7, 2015 order directing Sanders to appear for a deposition until the District Judge can rule on Sanders's objections to that order. (*See* DN 176 [docketing DN 170 as a motion to stay].)

## DISCUSSION

The Court finds that a stay of its October 7, 2015 order pending a ruling on Sanders's objections by the District Judge is the safest and most efficient course of action in this instance due to the Fifth Amendment concerns raised by Sanders. (*See* DN 158, 170.) If the District Judge sustains the objections, the deposition may not go forward; if the District Judge overrules the objections, the deposition will go forward on solid legal footing. Therefore, Sanders is temporarily relieved of his obligation to appear for the October 14, 2015 deposition. In doing so, the Court cautions Sanders that he is not relieved of his obligation to appear for a deposition at a later date pursuant to a court order; rather, the Court is simply relieving Sanders of his obligation to appear for his deposition on October 14, 2015 *at this time*. As stated, if the District Judge overrules Sanders's objections to the October 7, 2015 order, Sanders's deposition will go forward at a new date and time set by the Court.

The Court will address the motion to appoint counsel in a separate order.

Accordingly,

IT IS ORDERED that the motion to stay (DN 176) is GRANTED. The Court's order (DN 163) is stayed pending a ruling by the District Judge on Sanders's objections to same. Sanders is relieved of his obligation to appear for his deposition on October 14, 2015 at this time.

IT IS FURTHER ORDERED that Sanders SHALL file a notice with the Court by **October 30, 2015** that lists the correct address at which he can be served with court filings.

cc:  Counsel of record

    *Pro se* non-party Juan Sanders via certified mail
    2317 W. Hill Street.
    Louisville, KY 40210

    Alternate address:
    4910 Shumake Court
    Louisville, KY 40218

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and Local Rule 72.2.