**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:12-CV-829-CRS**

**KERRY PORTER,** **Plaintiff,**

**v.**

**LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT, et al.,** **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO APPOINT COUNSEL**

Before the Court is motion filed by *pro se* non-party Juan Sanders entitled, "Objections to Magistrate Judge Findings of Fact, Conclusions of Law" (DN 170). The Court has construed this motion to function in three different ways: (1) objections[1] to the order (DN 163) denying Sanders's motion to quash (DN 158); (2) a motion to stay[2] the Court's order (DN 163) directing Sanders to appear for a deposition; and (3) a motion to appoint counsel[3]. This order will address the motion to appoint counsel (DN 174).

**BACKGROUND**

In an order dated October 7, 2015, the Court denied what it construed as a motion to quash (DN 158) filed by Sanders and directed Sanders to appear for a deposition on October 14, 2015. (DN 163.) On October 13, 2015 – the day before the deposition was scheduled to go forward – Sanders filed the motion to appoint counsel. (DN 174.) In the motion to appoint counsel, Sanders requested that the Court appoint counsel for him for the limited purpose of the deposition set for October 14, 2015. (DN 170, p. 1.) Also on October 13, 2015, Sanders filed

[1] Sanders's objections were docketed as DN 170.
[2] Sanders's motion to stay was docketed as DN 176.
[3] Sanders's motion to appoint counsel was docketed as DN 174.

objections to the October 7, 2015 order requiring him to appear at his deposition, as well as what the Court has construed as a motion to stay the Court's October 7, 2015 order pending a ruling on his objections by the District Judge. (DN 170; DN 174.)

On October 16, 2015, the Court granted Sanders's motion to stay the Court's October 7, 2015 order directing him to appear for the October 14, 2015 deposition. (DN 178.) More specifically, the October 16, 2015 order stayed Sanders's deposition pending a ruling by the District Judge on Sanders's objections to the October 7, 2015 order. (*Id*.) On December 18, 2015, the Honorable Charles R. Simpson III overruled Sanders's objections to the October 7, 2015 order. (DN 199.) As the Court stated in its October 16, 2015 order, "if the District Judge overrules Sanders's objections to the October 7, 2015 order, Sanders's deposition will go forward at a new date and time set by the Court." (DN 178, p. 2.) The Court has not set a new deposition date for Sanders, in part, because Sanders has ostensibly filed an appeal of the District Judge's order overruling his objections. (*See* DN 201, 206.) Nonetheless, the issue of whether Sanders is entitled to appointment of counsel in any future deposition in connection with this matter still remains. The Court believes that this is an issue that can be considered separate and apart from any appeal arising out of the District Judge's order. Therefore, the Court finds that it is proper to address the motion to appoint counsel at this time.

**DISCUSSION**

The Court finds that, while Sanders is not a party to this action, appointment of counsel for him in this instance is within its authority and is warranted due to exceptional circumstances. 28 U.S.C. § 1915(e)(1) states that the "court *may request* an attorney to represent *any* person unable to afford counsel." 28 U.S.C. § 1915(e) (emphasis added); *see also Brubaker v. Barrett*,

801 F. Supp. 2d 743, 763 (E.D. Tenn. 2011) (noting that 28 U.S.C. § 1915(e) makes clear that courts may request counsel for any person, including plaintiffs and defendants); *but cf. Strong v. Wisconsin*, No. 07-cv-86, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) ("Although 28 U.S.C. § 1915(e)(1) is not expressly limited to parties, defendants point to no other case in which a court has appointed counsel under similar circumstances.").

While Sanders is not a party to this case, the Court finds that the principles used to determine whether an indigent party should be appointed counsel in a civil case are instructive. The Court first notes that appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. To determine whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Id*. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)) (internal quotation marks omitted). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id*. (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). The Sixth Circuit has also stated that "the district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). The Court's decision to deny appointment of counsel is reviewed for abuse of discretion. *Lavado*, 992 F.2d at 605.

Here, the Court finds that exceptional circumstances exist. For one, Sanders has raised an objection based on the Fifth Amendment's privilege against self-incrimination. "The Amendment not only protects the individual against being involuntarily called as a witness

against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). While the Fifth Amendment privilege against self-incrimination is not an overly complicated concept, it implicates a weighty and substantial constitutional interest. *See Miranda v. Arizona*, 384 U.S. 436, 460 (1966) ("We have recently noted that the privilege against self-incrimination—the essential mainstay of our adversary system—is founded on a complex of values . . . . All these policies point to one overriding thought: the constitutional foundation underlying the privilege is the respect a government—state or federal—must accord to the dignity and integrity of its citizens.") (internal citations omitted). Moreover, once an incriminating statement is made – intentionally or not – one cannot, as a practical matter, "unring the bell."

Second, it appears that Sanders cannot afford counsel. While Sanders did not so attest in his motion to appoint counsel, he has filed an application and affidavit to proceed without prepayment of fees with respect to his appeal; the application and affidavit clearly show that he is indigent. (DN 206.) Sanders's only source of income is $196.00 of food stamps per month. (*Id*. at 4.)

Third, the Court notes the complex and contentious history of this case. It has been pending in this Court for over three years and is still in the discovery stage. Furthermore, while the Court is not aware of any criminal charges pending against Sanders for the murder of Tyrone Camp, the complaint in this civil matter certainly insinuates that Sanders was involved. The Court believes that requesting counsel to appear on Sanders's behalf for the limited purpose of

his deposition not only ensures that Sanders's constitutional interest is protected, but that the process is efficient and fair. The Court is hopeful that – with the aid of counsel – Sanders will, to the extent there are any, answer questions that do not implicate the Fifth Amendment or are not otherwise objectionable. *See In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983) ("A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify."). The Court further believes that having counsel represent Sanders at a future deposition will ensure that the process runs smoothly so that this case can move quickly forward to a just and final resolution.

The Court has unearthed one case in which a court has requested counsel for a non-party witness at a deposition. In *Boda v. Phelan*, a magistrate judge in the Eastern District of New York requested *pro bono* counsel for a non-party, who was a minor, and solely in connection with plaintiff's application to take the non-party's deposition. No. 11-CV-28-KAM-SMG, 2012 WL 3241213, at *6 (E.D.N.Y. Aug. 6, 2012) ("Magistrate Judge Gold only appointed *pro bono* counsel to non-party H.B. in April 2012 . . . solely in connection with plaintiff's application to take H.B.'s deposition . . . ."). The non-party intended to assert her Fifth Amendment privilege at the deposition. *Id. at* DN 58 (August 13, 2012 Correspondence from Counsel). The magistrate judge requested *pro bono* counsel for the non-party minor because the minor was not represented and her family lacked the means to afford an attorney. *Id*. at DN 40 (April 10, 2012 Civil Minute Entry). While Sanders is not a minor, the other circumstances of *Boda* are similar to this case.

Sanders has invoked the Fifth Amendment, cannot afford counsel, and would benefit from the guidance of counsel during his deposition under the specific circumstances of this case.

**CONCLUSION**

Accordingly,

IT IS ORDERED the motion to appoint counsel (DN 174) is GRANTED.

While the Court cannot compel any attorney to accept a civil case *pro bono*, *see Mallard v. United States District Court*, 490 U.S. 296 (1989), it has contacted counsel willing to represent Sanders *pro bono* for the limited purpose of a deposition in conjunction with this case. Sanders should immediately contact:

Christie A. Moore
Bingham Greenebaum Doll
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
502-587-3758

Should counsel and Sanders agree that she will represent him in any future deposition, counsel should file a notice of appearance; if not, the Court requests that counsel submit a letter so indicating. The Court cautions Sanders that absent a legitimate conflict of interest no other counsel will be requested for him should he decline Ms. Moore's services.

January 20, 2016

**Colin Lindsay, MagistrateJudge**
**United States District Court**

cc: Counsel of record

Non-party Juan Sanders (via certified mail)
2317 W. Hill Street.
Louisville, KY 40210

Christie A. Moore (via certified mail)
Bingham Greenebaum Doll
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and Local Rule 72.2.