UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KERRY PORTER                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:12-CV-00829-CRS

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendants Louisville Jefferson County Metro Government, City of Louisville, Gary Kearney, Lawrence Zehnder, and Gene Sherrard to strike and exclude from evidence Exhibit 68 to Kerry Porter's response to the Defendants' motion for summary judgment, ECF No. 247. Porter did not respond. Exhibit 68 is the deposition of former Louisville Division of Police Chief Doug Hamilton. *Id.* at 1. This deposition was taken several years ago in connection with another case. *Id.* at 2. Defendants move to strike Exhibit 68 on grounds that Porter, in violation of Federal Rule of Civil Procedure 26(a), "had not disclosed Mr. Hamilton as a witness in this case nor did he identify Mr. Hamilton's deposition as evidence to be used to support his claims." *Id.* at 1. Rather, Defendants assert that Porter first introduced the exhibit over their objections during the deposition of Defendants' expert, Jeff Noble. *Id.*

Defendants argue that Porter's failure to comply with Rule 26(a) requires this Court to strike Exhibit 68 from evidence. *Id.* at 3. Under Federal Rule of Civil Procedure 26:

> [A] party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

1

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

Fed. R. Civ. P. 26(a)(1)(A). Under Federal Rule of Civil Procedure 37:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The burden is on the potentially sanctioned party to prove harmlessness." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010) (citing *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)). "In fact, '[t]he Sixth Circuit has interpreted the Rule 37(c)(1) exclusionary sanctions to be automatic and mandatory after a violation of Rule 26(a).'" *State Auto. Prop. & Cas. Co. v. There is Hope Cmty. Church*, No. 4:11CV-149-JHM, 2014 WL 2003302, at *5 (W.D. Ky. May 15, 2014) (citing *Chavez v. Waterford School Dist.*, No. 09-12336, 2010 WL 3975314, at *2 (E.D. Mich. Oct. 8, 2010)).

Porter did not respond to Defendants' motion to strike. Given the automatic and mandatory nature of the Rule 37(c)(1) sanction absent proof of justification or harmlessness, and seeing no such proof from Porter, the Court will grant Defendants' motion.

The motion of Defendants Louisville Jefferson County Metro Government, City of Louisville, Gary Kearney, Lawrence Zehnder, and Gene Sherrard to strike and exclude from evidence Exhibit 68 to Kerry Porter's response to the Defendants' motion for summary judgment is **GRANTED** (DN 247). Exhibit 68 to Kerry Porter's response to the Defendants' motion for summary judgment is stricken and excluded from evidence.

February 6, 2017

Charles R. Simpson III, Senior Judge
United States District Court