UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KERRY PORTER                                                                                       PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:12-CV-00829-CRS

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On May 2, 2017, the Court entered a sealed Memorandum Opinion and accompanying Order addressing Defendants' motions for summary judgment, ECF Nos. 264 & 265. The Court cautioned that the Memorandum Opinion and Order would be automatically unsealed unless an objection was filed. Sealed Order 3, ECF No. 265. On May 15, 2017, Defendants Louisville Jefferson County Metro Government, the City of Louisville, and Gene Sherrard (collectively, "Defendants") filed an objection with this Court to the unsealing of the May 2, 2017 Memorandum Opinion, ECF No. 266. Their objection states simply that "Defendants object to the disclosure of the identity of the confidential informant and request that his/her identity continue to be protected pursuant to the Agreed Confidentiality Order previously entered (DN 108)." *Id.* at 1. They do not object to the unsealing of the Court's Order. *See id.* Thus, the Court will unseal its May 2, 2017 Order. On May 17, 2017, Kerry Porter responded to Defendants' objection, ECF No. 267. Defendants did not reply.

The Sixth Circuit has held that a court's discretion to seal its record is "circumscribed by a long-established legal tradition" of the "presumptive right of the public to inspect and copy

judicial documents and files." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983) (citations and internal quotation marks omitted). A district court's power to seal its records is discretionary when "interests of privacy outweigh the public's right to know." *Id.* (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 476.

Porter argues that the Court's Memorandum Opinion should be unsealed because it does not rely upon documents protected by the Agreed Confidentiality Order. *Id.* ¶ 4. The Agreed Confidentiality Order protects from public disclosure "confidential information," defined as "information designated as 'CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER' by the producing party, including, but not limited to, all documents reflecting the Confidential Informant Registration with Louisville Metro and Greg Gully as required by the Court (DN 100) to be disclosed pursuant to a protective order." Agreed Confidentiality Order ¶ 2, ECF No. 108. The Agreed Confidentiality Order is not itself a sealed document, and has been an unsealed part of this case's docket since September 10, 2014. *See id.* at 1. Another unsealed order in the docket ordered Defendants to "provide all documents reflecting a Confidential Informant Registration with Louisville Metro and Greg Gully." August 11, 2014 Order 1, ECF No. 100. Thus, the mere fact that Gully has acted as a confidential informant for Defendants is not protected information.

Rather, only "information designated as 'CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER'" is protected information. *See* Agreed Confidentiality Order ¶ 2, ECF No. 108. The Court did not rely on information designated as such in writing its May 2, 2017 Memorandum Opinion. When discussing Gully's potential role as a confidential informant, the Court relied solely upon depositions provided by Officer Jackie Hollingsworth. *See* May 2, 2017 Mem. Op. 10, ECF No. 264 (citing Hollingsworth Dep. I 162, ECF No. 241-11); *id.* at 36–37

(citing Hollingsworth Dep. I 162, ECF No. 241-11; Hollingsworth Dep. II 210, 215–16, ECF No. 241-12). The Hollingsworth depositions are not designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Thus, the Agreed Confidentiality Order does not prohibit unsealing the May 2, 2017 Memorandum Opinion.

The Court sees no compelling reason to justify non-disclosure of its May 2, 2017 Memorandum Opinion. Gully has already been identified as a confidential informant for Defendants in unsealed documents in the docket. Therefore, unsealing the Memorandum Opinion would not newly reveal his identity as a confidential informant. Moreover, in discussing Gully's potential role as a confidential informant, the Memorandum Opinion does not rely on any exhibits that have been designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Therefore, unsealing the Memorandum Opinion would not violate the Agreed Confidentiality Order. As such, the Court will unseal the May 2, 2017 Memorandum Opinion.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Court's May 2, 2017 Memorandum Opinion (DN 264) is **UNSEALED**.

**IT IS FURTHER ORDERED** that the Court's May 2, 2017 Order (DN 265) is **UNSEALED**.

**IT IS SO ORDERED**.

June 9, 2017

Charles R. Simpson III, Senior Judge
United States District Court