UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KERRY PORTER                                                                                                           PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:12-CV-00829-CRS

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, *et al.*,                                           DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on joint motion of the Defendants, Rodney Kidd, Julius Clark, and Gene Sherrard, to bifurcate the liability and damages phases of trial. For the following reasons, the court will **GRANT** the Defendants' motion.

**I.     BACKGROUND**

The underlying facts of this case concern the investigation, trial, and conviction of the Plaintiff, Kerry Porter ("Porter"), for murder, as well as the ultimate dismissal of Porter's conviction fourteen years later. Porter now brings claims against the Defendants for alleged illegal conduct related to the aforementioned investigation, trial, and conviction of the Plaintiff.

A jury trial is scheduled for July 9, 2018 with an expected trial length of three weeks. (DN 285.) On October 4, 2017, the Defendants filed a Joint Motion to Bifurcate Liability and Damages Phases of Trial. (DN 283.)

**II.     STANDARD**

Fed.R.Civ.P. 42(b) states that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) is intended to "enable the trial

judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). The decision to try issues separately is within the discretion of the court. *Id.* at 307.

When determining the appropriateness of bifurcating the issues of liability and damages under Rule 42(b), the court looks to whether the issues of liability and damages are "so inseparable as to require one unified trial to resolve them both." *Helminski v. Ayerst Laboratories*, 766 F.2d 208, 212 (6th Cir. 1985) (citing *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 499-500 (1931)). Whether or not "the evidence pertinent to the two issues is wholly unrelated" depends on the facts of each case. *Id.* (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2390 (1971)); *See also Bendectin Litig.*, 857 F.2d at 207 ("Essentially, the question is one that seems to depend on the facts of each case.") (citation omitted).

### III. DISCUSSION

The court finds that bifurcation is appropriate in this case because the issues of liability and damages are so unrelated and separable that a unified trial on the issues is not necessary for a just disposition. The evidence relevant to the issue of liability concerns the conduct of the Defendants during the investigation and prosecution of Porter. Conversely, the evidence relevant to damages concerns Porter's time in prison and the effects of conviction and imprisonment on his life.

In opposition to bifurcation, Porter provided a list of potential witnesses, claiming that each may offer testimony on both liability and damages. However, the fact that a witness may have knowledge pertaining to both liability and damages does not make the issues "completely intertwined" and therefore inseparable in trial. That a witness potentially could testify in both

phases of the trial has no bearing on the Plaintiff's "legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action." *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997) (quoting *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 217 (6th Cir.1982), cert. denied, 461 U.S. 929 (1983)). Further, the facts of this case are distinguishable to those in *Martin v. Heideman*, wherein the Sixth Circuit found that the plaintiff's evidence concerning the full extent and severity of his injuries was integral to proving that the defendant was liable for using excessive force. *Id*. at 1311-12. By contrast, evidence concerning Porter's time in prison and the conviction's effect on his life is not integral to establishing the alleged illegal conduct of the Defendants.

Lastly, the court is convinced that a bifurcated trial in this case will minimize risk of prejudice to the parties. During the liability phase of the trial, the jury will only hear evidence pertaining to the conduct of the Defendants and cannot be distracted by testimony and evidence concerning Porter's fourteen-year imprisonment. Further, judicial economy can be maximized by empaneling the same jury in both the liability and damages phases of the trial. By using the same jury, the parties will not be required to "recall each of [the] witnesses during the damages trial to repeat their story of the case," as Plaintiff contends. If the jury finds one or more of the Defendants liable in the trial's first phase, the same jury merely will reconvene for the damages phase of the trial.

Because the issues of liability and damages are separable, and because separation of the issues would reduce prejudice and promote efficiency, a bifurcated trial is appropriate in this case.

IV.  **CONCLUSION**

For the reasons stated, the court will **GRANT** the joint motion of the Defendants to bifurcate the liability and damages phases of trial.  Any evidence concerning liability will be limited to the first phase of trial.  If the jury finds one or more of the Defendants liable, the same jury will reconvene to hear evidence concerning damages.

An order will be entered in accordance with this opinion.

January 22, 2018

**Charles R. Simpson III, Senior Judge
United States District Court**